Lindley and NeMoyer, JJ.
(dissenting). We respectfully dissent in part inasmuch as we conclude that the sentence imposed on this adolescent offender is unduly harsh and severe. Defendant was 16 years old at the time of the commission of the instant crimes and had no prior criminal record. With respect to the robbery that occurred on February 9, 2013, defendant was sentenced to a determinate term of incarceration of 10 years. With respect to the robbery and murder that occurred on March 6, 2013, defendant received sentences of 7 years and 25 years to life, respectively. It should be noted that defendant thus received the maximum possible sentence for his conviction of murder (see Penal Law § 70.00 [2] [a]; [3] [a]), and we would not disturb that sentence. The sentences related to the March 6 crimes were ordered to run consecutively to the sentence imposed on the February 9 crime. Supreme Court considered but rejected youthful offender adjudication for the two robbery convictions.
“As the United States Supreme Court has recognized, ‘developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds. For example, parts of the brain involved in behavior control continue to mature through late adolescence’ ” (People v Rudolph, 21 NY3d 497, 506 [2013, Graffeo, J., concurring], quoting Graham v Florida, 560 US 48, 67 [2010]; see J.D.B. v North Carolina, 564 US 261, 272 [2011]). The Supreme Court has “[t]ime and again” addressed those differences, “observing] that children generally are less mature and responsible than adults . . . ; that they often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them . . . ; [and] that they are more vulnerable or susceptible to . . . outside pressures than adults” (J.D.B., 564 US at 272 [internal quotation marks omitted]).
In her concurring opinion in Rudolph, Judge Graffeo addressed the fact that “sociological studies [have] establish [ed] that young people often possess ‘an underdeveloped sense of responsibility,’ which can ‘result in impetuous and ill-considered actions and decisions’” (id., quoting Johnson v Texas, 509 US 350, 367 [1993], reh denied 509 US 941 [1993]). Judge Graffeo *1502 further wrote that “[y]oung people who find themselves in the criminal courts are not comparable to adults in many respects— and our jurisprudence should reflect that fact” {id.). In our view, this is one case where we should exercise our discretion and reduce the sentence.
Here, as noted, defendant was only 16 years old when he committed the crimes, and he was known by his coaches and teachers to be a polite and respectful high school student. His “downward spiral” happened so fast that neither his coaches nor his father could stop it. We note that the two crimes occurred within a one-month span; that defendant was not the actual shooter; and that defendant received the maximum possible sentence for the murder convictions. We do not dispute the fact that the crimes of which defendant was convicted are heinous crimes and that his actions contributed to the death of an innocent man. In our view, however, the sentence imposed on this defendant, under the circumstances of this case, is unduly harsh and severe, and we would modify the judgment by directing that all of the sentences run concurrently with each other, which would still leave defendant serving 25 years to life in prison.
Present — Whalen, P.J., Smith, Carni, Lindley and NeMoyer, JJ.